UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS AUSTIN,

Plaintiff,

v.

JMK INVESTMENTS, INC., et al.,

Defendants.

No. 2:25-cv-2674 DJC AC PS

ORDER and

FINDINGS AND RECOMMENDATIONS

Plaintiff is proceeding in this action pro se, and the case was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff filed a request for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted.

## I. Screening

A. Standards

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly

baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B. The Complaint

Plaintiff is suing the Unlawful Detainer Division of the Sacramento Superior Court, Hon. Robert Artuz, JMK Crosswood, LLC, and JMK Investments, Inc. under 42 U.S.C. § 1983 for various constitutional violations arising out of an ongoing state court action. ECF No. 1 at 2-3, 9. Plaintiff alleges that the private defendants coordinated with the court to punish him for exercising his constitutional rights. Id. at 9. Plaintiff alleges that he filed a civil rights lawsuit

against JMK Investments, Inc. for harassment on August 22, 2025, to prove that JMK Crosswood Park LLC owns his property, not JMK investments. Id. at 9. Although plaintiff presented records to Judge Artuz, a judgment was entered on September 10, 2025, in favor of the proven non-owner. Id. Possession was granted on September 17, 2025, to punish plaintiff or exercising his constitutional rights. Id. Plaintiff alleges that this "unlawful detainer constitutes retaliation" for the civil rights lawsuit. Id. Plaintiff asks the court to "accept removal of this action from state court" and issue emergency relief by preventing the enforcement of void state court judgments. ECF No. 1 at 12.

C. The Complaint Must Be Dismissed

Plaintiff's complaint must be dismissed for several reasons, each explained in detail below.

1. *Younger* Abstention Bars this Case

Under Younger v. Harris, 401 U.S. 37, 43–54 (1971), federal courts must abstain from interfering in most ongoing state court cases. Younger abstention applies to the following "three exceptional categories" of cases identified in New Orleans Public Service, Inc. v. Council of New Orleans, 491 U.S. 350, 367-68 (1989): "(1) 'parallel, pending state criminal proceedings,' (2) 'state civil proceedings that are akin to criminal prosecutions,' and (3) state civil proceedings that 'implicate a State's interest in enforcing the orders and judgments of its courts.'" ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 759 (9th Cir. 2014) (quoting Sprint Communications, Inc. v. Jacobs, 571 U.S. 69, 81 (2013)). "The Ninth Circuit also requires that "[t]he requested relief must seek to enjoin—or have the practical effect of enjoining—ongoing state proceedings." Id. (quoting AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1149 (9th Cir. 2007)).

Although the information provided regarding the dispute is vague, plaintiff specifically alleges that underlying state court case is still in progress, explaining that relevant events occurred between "July 31, 2025 through September 17, 2025 (ongoing)." ECF No. 1 at 9. Plaintiff refers to property ownership and unlawful detainer, indicating that the underlying case has to do with an unlawful detainer action taken against him. Id. It cannot reasonably be disputed that states have

a strong interest in enforcing their own judgments and orders in matters of unlawful detainer. Indeed, it is very well established that "[u]nlawful detainer actions are strictly within the province of the state courts." Barefield v. HSBC Holdings PLC, 2019 WL 11274585, at *3 (E.D. Cal. Apr. 9, 2019). Consideration of plaintiff's claims by this court would therefore interfere with, and have the practical effect of enjoining, ongoing state proceedings. The relief that plaintiff seeks here—including enjoining a state court order (ECF No. 1 at 12)—confirms this conclusion, as those forms of relief are at issue in the state proceedings. See Green v. City of Tucson, 255 F.3d 1086, 1094 (9th Cir. 2001) (en banc) (Younger applies when "the relief the plaintiff seeks in federal court would 'interfere' with the ongoing state judicial proceeding."). For all these reasons, Younger abstention is required.

Where Younger applies, the district court must dismiss the federal action without prejudice. See Beltran v. State of California, 871 F.2d 777, 782 (9th Cir. 1988) ("Where Younger abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, Younger abstention requires *dismissal* of the federal action.") (emphasis in original).

2. The *Rooker-Feldman* Doctrine Bars This Case

To the extent if any that the underlying action has concluded or some challenged state court judgments are final, this case is barred as a de facto appeal of a state court judgment. The Rooker-Feldman doctrine[1] "stands for the relatively straightforward principle that federal district courts do not have jurisdiction to hear de facto appeals from state court judgments." Carmona v. Carmona, 603 F.3d 1041, 1050-51 (9th Cir. 2010). It prohibits federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

To determine if the Rooker-Feldman doctrine bars a case, the court must first determine if

[1] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

the federal action contains a "forbidden de facto appeal" of a state court judicial decision. Noel v. Hall, 341 F.3d 1148, 1156 (9th Cir. 2003). If it does not, "the Rooker-Feldman inquiry ends." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013). If the court determines that the action amounts to a forbidden appeal, however, the court cannot hear the de facto appeal portion of the case—and, as part of that refusal, must also refuse to decide any issue raised in the suit that is "inextricably intertwined" with an issue resolved by the state court in its judicial decision. Noel, 341 F.3d at 1158; see also Bell, 709 F.3d at 897 ("The 'inextricably intertwined' language from Feldman is not a test to determine whether a claim is a de facto appeal, but is rather a second and distinct step in the Rooker-Feldman analysis."). A complaint is a "de facto appeal" of a state court decision where the plaintiff "complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." Noel, 341 F.3d at 1163.

Here, it is unclear whether the underlying state action has concluded or is ongoing, but it is entirely clear that plaintiff is asking this court to reverse the judgment of the state court. Accordingly, to the extent the state court proceedings have concluded, this case unquestionable presents a de facto appeal inextricably intertwined with the underlying judgment. Again, the fact that plaintiff asks this court to void the state court judgment and prevent his eviction (see ECF No. 1 at 12) makes clear that this case is barred by the Rooker-Feldman doctrine, if not by Younger abstention.

3. Several Defendants are Not Subject to Suit

Apart from the bars imposed by Younger and/or Rooker-Feldman, this case cannot proceed because plaintiff has not stated, and cannot state, a claim under 42 U.S.C. § 1983.[2] Section 1983 creates a cause of action for constitutional violations committed by state and municipal government officials and employees. See West v. Atkins, 487 U.S. 42, 48 (1988). The state-action element in § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful. Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812

[2] Plaintiff's constitutional claims are essential to this court's federal question jurisdiction. All express or implied causes of action other than § 1983 are state law claims. See ECF No. 1 at 17-22.

(9th Cir. 2010). Private individuals and entities come within the scope of the statute only if they are engaged in action "under color of law." See 42 U.S.C. § 1983; Adickes v. S. H. Kress & Co., 398 U.S. 144, 150 (1970). Conduct by private actors is presumed *not* to be action taken under color of law. Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011). "[C]onstitutional standards are invoked only when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains." Naoko Ohno v. Yuko Yasuma, 723 F.3d 984, 994 (9th Cir. 2013) (emphasis in original).

Here, two of the named defendants are private companies, not public entities. While proof of a conspiracy with state actors can sometimes support a finding of action under color of law, see Adickes, 398 U.S. at 150, 152, plaintiff's allegations of a conspiracy with the state court system are entirely conclusory and unsupported. See ECF No. 1 at 7-8.[3] Accordingly, the complaint does not state a claim under § 1983 against the private defendants.

A third defendant is a judge whom plaintiff alleges entered unlawful orders against him, and such claims are barred by judicial immunity. Lund v. Cowan, 5 F.4th 964, 972 (9th Cir. 2021) ("judicial immunity shields even incorrect or inappropriate statements if they were made during the performance of a judge's official duties."). Plaintiff fails to state a claim against the judge defendant.

The only remaining defendant is the County of Sacramento acting as the Sacramento County Superior Court. ECF No. 1 at 7. The Superior Court is an arm of the State of California and therefore entitled to immunity from federal suit under the Eleventh Amendment. Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento County Superior Court (or its employees) because such suits are barred by the Eleventh Amendment."). Plaintiff's claims against the superior court are barred as a matter of law.

For all these reasons, the undersigned recommends the complaint be dismissed.

////

---

[3] Plaintiff alleges "Conspiracy with state judicial officers to violate connotational rights" against both private companies with no specific explanation. ECF No. 1 at 7, 8

## II. Leave to Amend is Not Appropriate

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995). Here, the deficiencies of the complaint cannot be cured by amendment; amendment cannot avoid the application of Younger abstention principles. Nor can amendment change the fact that most named defendants are not subject to § 1983 or are protected by judicial and/or Eleventh Amendment immunity. For all these reasons, and based on the consideration of the content of the complaint, the court finds that amendment would be futile. Dismissal should be without leave to amend.

## III. Pro Se Plaintiff's Summary

The Magistrate Judge is recommending that your case be dismissed because federal district courts do not have authority to interfere with ongoing state court cases or to overrule state court judgments (particularly with respect to matters that are exclusively for the state courts to decide, such as unlawful detainer). Further, the facts you allege do not support a claim upon which relief can be granted. Neither private parties, judges, nor state courts can be sued under § 1983. You have 21 days to object to this recommendation if you wish to do so. The District Judge will make the final decision.

## IV. Conclusion

For the reasons explained above, it is HEREBY ORDERED that plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

It is FURTHER RECOMMENDED that the complaint (ECF No. 1) be DISMISSED without prejudice and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document

should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: September 23, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE